The judgment of the court was pronounced by
Rost, J.
The plaintiff claims from the Mayor and Trustees of the town of Shreveport and Joseph Howell in solido, five hundred dollars damages, alleged to have been sustained by him in consequence of the cutting down of trees upon his land within the limits of the town, and of an attempt, on their part, to lay out a road thereon without giving notice or making previous compensation to him. He alleges that Iiowell acted in the premises as the agent and under the orders of the corporation, and has enjoined the corporation from proceeding any further in the construction of the’road. Howell answered, that he acted under the authority of the corporation. The mayor and trustees recognized his agency, and averred their power to run the road as laid out and in the manner pursued by them. They offered to pay the plaintiff such damages as might be assessed by the court, and prayed for the dissolution of the injunction. In a supplemental answer they alleged that, as a municipal corporation, they could not be liable in damages in the manner claimed.
The juiy, before whom the case was tried, found in favor of the plaintiff $25 damages, and that the injunction be perpetuated until the defendants proceed, according to law, in the opening of the road. The defendants have appealed from the judgment rendered on this verdict.
The act of incorporation of the town of Shreveport gives to the mayor and trustees within the corporate limits, all the powers previously exercised by the Police Jury of the parish of Caddo. They have, therefore, the power to lay out roads in that portion of the land under their jurisdiction, which is not laid out into streets ; but they must, in doing so, pursue the mode prescribed for the laying out of roads by police juries, by the act to provide further and more effectually for the police of public roads in this State, approved March 12,1818.
It is not pretended that the formalities required in the laying out of new roads have been complied with in this case, or that the indemnity due the plaintiff has been paid or even assessed. The case, as the records presents it, is that of a corporation exercising, through its officers, in an unskillful and improper manner, powers avowedly vested in the said corporation by its charter. It does not differ in principle from that of McGarey and Wife v. The City of Lafayette, in which the plaintffs recovered large damages from the city of Lafayette, because the agents of that corporation had executed, in an improper manner, the corporate power delegated to them. 4th Ann. 440. McLaughlin v. Second Municipality, 5th Ann. 504.
We understand the exception pleaded by the defendants to be applicable only to cases in which officers or agents of corporations do acts injurious to others, in the pursuit or accomplishment of objects not within the scope of the powers of the corporation. The distinction appears to us clearly stated in the case of Antony v. The Inhabitants of Adams, 1 Metcalf, 286.
*661 Upon the defendants’ own averment, that they had power to lay out the road complained of, they do not come within the exception. We are of opinion that . , . there is no error m the judgment.
It is therefore affirmed, with costs.